# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>FELIX DeJESUS | No. 3:00-cr-227 (SRU) |

## AMENDED RULING ON FIRST STEP ACT MOTION

Felix DeJesus seeks relief pursuant to the recently passed First Step Act, requesting an immediate release or, in the alternative, a prompt resentencing on his two counts of conviction from 2002: conspiracy to possess with intent to distribute 1000 grams or more of heroin (count twelve), and conspiracy to possess with intent to distribute 50 grams or more of cocaine base, *i.e.*, "crack cocaine" (count thirteen). *See* First Step Act Motion ("FSA Mot."), Doc. No. 1853. The government opposes the motion on the basis that DeJesus' conviction on count twelve, which is an uncovered offense, triggers the same penalties as his conviction on count thirteen and, therefore, he is ineligible for relief. *See* Opp'n to FSA Mot., Doc. No. 1863. Further, the government argues that DeJesus is not entitled to a plenary resentencing. *Id.* For the following reasons, DeJesus' motion is **granted**, and he is entitled to a plenary resentencing.

**I.  Background**

On April 2, 2002, after a jury trial, DeJesus was convicted on two counts: conspiracy to possess with intent to distribute 1000 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (count twelve); and conspiracy to possess with intent to distribute 50 grams or more of cocaine base, *i.e.*, "crack cocaine," in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (count thirteen). *See* Judgment, Doc. No. 1089. He was sentenced to 300

months' imprisonment and five years of supervised release on each count, all terms to run concurrently.[1]  See Am. Judgment, Doc. No. 1655.

**II.     Discussion**

   A.  Eligibility for Relief

Following DeJesus' sentencing, Congress passed the Fair Sentencing Act of 2010, Pub. Law 111-220, 124 Stat. 2372 ("Fair Sentencing Act"), which "'reduced the statutory penalties for cocaine base[] offenses' in order to 'alleviate the severe sentencing disparity between crack and powder cocaine.'"  *United States v. Sampson*, 360 F. Supp. 3d 168, 169 (W.D.N.Y. 2019) (quoting *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016)).  In 2018, Congress passed, and the President signed into law, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").  Section 404 of the First Step Act made retroactive some provisions of the Fair Sentencing Act.  First Step Act § 404(b).  First Step Act relief is available to those convicted of a "covered offense," which Section 404 defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act § 404(a).

At the time of DeJesus' sentencing, pre-Fair Sentencing Act, cases involving 50 grams or more of crack cocaine fell under 21 U.S.C. § 841(b)(1)(A) and carried a mandatory minimum penalty of ten years' incarceration and a maximum of life.  *See United States v. Gonzalez*, 420 F.3d 111, 121 (2d Cir. 2005).  Section two of the Fair Sentencing Act changed the statutory section and penalties for cases involving 50 grams or more of crack cocaine; that quantity of crack cocaine now falls under 21 U.S.C. § 841(b)(1)(B)(iii) and carries a mandatory minimum

---

[1] DeJesus was originally sentenced on September 6, 2002 to 360 months' imprisonment and 10 years of supervised release on each count to run concurrently.  *See* Judgment, Doc. No. 1089.  Following an appeal to the Second Circuit, however, I reduced his sentence on June 30, 2009.  *See* Am. Judgment, Doc. No. 1655.

penalty of five years' incarceration and a maximum penalty of forty years' incarceration. *See* Fair Sentencing Act § 2. Accordingly, because the Fair Sentencing Act modified the penalties for a crime involving 50 grams or more of crack cocaine, that crime, if committed before August 3, 2010, is a "covered offense" for purposes of the First Step Act. *See* First Step Act § 404(b). The United States Probation Office also concluded that DeJesus' conviction on count thirteen is a covered offense. *See* PSR Addendum, Doc. No. 1845 at 3.

The government argues, however, that DeJesus is not entitled to relief because his other count of conviction, for a heroin trafficking conspiracy, triggered the same statutory penalties and was not a covered offense. Opp'n to FSA Mot., Doc. No. 1863. It is, however, the statute of conviction that drives eligibility for purposes of the First Step Act. *See United States v. Allen*, 2019 WL 1877072, at *3 (D. Conn. Apr. 26, 2019) ("Under the plain language of [section 404], whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated." (internal citations and quotation marks omitted)). Quite simply, DeJesus was convicted of a crack cocaine offense, on count thirteen, the penalties for which were changed by the First Step Act. Accordingly, DeJesus is eligible for relief under the First Step Act on count thirteen because he was convicted of a covered offense that was committed before August 3, 2010. His conviction on count thirteen was premised on his violation of 21 U.S.C. § 841(b)(1)(A), the statutory penalties for which were reduced by section 2 of the Fair Sentencing Act of 2010. *See* Am. Judgment, Doc. No. 1655; *see also United States v. Williams*, 2019 WL 2865226, at *3 (S.D.N.Y. July 3, 2019). Therefore, DeJesus was convicted of a "covered offense," and he is eligible for relief under the First Step Act.

Denying DeJesus relief under the First Step Act because he was convicted of a different offense that triggered the same penalties would, in my view, limit the remedial nature of the First

3

Step Act. *See United States v. Rose*, 379 F. Supp. 3d 223, 229 (S.D.N.Y. 2019) ("Both the Fair Sentencing Act and the First Step Act have the remedial purpose of mitigating the unfairness created by the crack-to-powder cocaine ratio, and the statutes should be construed in favor of broader coverage."); *see also Allen*, 2019 WL 1877072, at *2-3 ("Congress wanted to further the Fair Sentencing Act's objective of mitigating the effects of a sentencing scheme that had a racially disparate impact. Given this remedial purpose, the First Step Act should be construed to provide courts with discretion to reduce a sentence when the statute the defendant violated has been modified by the Fair Sentencing Act to provide less severe penalties." (internal citations omitted)). Accordingly, DeJesus is eligible for relief under the First Step Act.

B. Scope of Relief

DeJesus argues that although his conviction on count twelve is not a "covered offense" and, therefore, does not itself entitle him to relief under the First Step Act, his controlling offense, count thirteen, entitles him to a plenary resentencing on both counts. *See* Mem. in Supp., FSA Mot., Doc. No. 1843. I have previously determined that a defendant who is entitled to relief under the First Step Act for a covered offense is also entitled to a full resentencing on related convictions. *See* First Step Act Ruling, *United States v. Medina*, 05cr58 (SRU) (D. Conn. July 17, 2019), Doc. No. 1466. For reasons similar to those in *Medina*, DeJesus is entitled a plenary resentencing.

The First Step Act contains a broad grant of authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect" at the time of the commission of the offense. First Step Act § 404(b). The court has discretion in granting relief under the First Step Act. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). I recognize that the majority of courts

have decided that eligibility for relief under the First Step Act for a covered offense does not entitle a defendant to a full, plenary resentencing if there are also uncovered offenses. *See, e.g., United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (declining to hold a plenary resentencing because the First Step Act does not "expressly permit the type of plenary resentencing or sentencing anew that Davis advocates"); *United States v. Martin*, 2019 WL 2289850, at *3 (E.D.N.Y. May 29, 2019) ("As the language of the statute makes clear, the FSA 'expressly' allows a sentencing court to impose a reduced sentence as if the defendant faced a lower mandatory minimum sentence when he committed the crimes. It does not by its text permit the sentencing court to reduce the sentence based on changes in the law other than the retroactive application of the Fair Sentencing Act."); *United States v. Crews*, 2019 WL 2248650, at *5 (W.D. Pa. May 24, 2019) ("This court . . . cannot conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence 'as if sections 2 and 3 of the Fair Sentencing Act' were in effect when the defendant committed the offense." (quoting First Step Act § 404(b)); *United States v. Rivas*, 2019 WL 1746392, at *3 (E.D. Wis. Apr. 18, 2019) ("The First Step Act does not 'expressly permit' the court to conduct a plenary resentencing.").

As I decided in *Medina,* I respectfully decline to follow that reasoning, because I do not believe the First Step Act should be read so narrowly. The First Step Act grants broad discretion to judges to decide whether to impose a reduced sentence, and I believe that should be read in the most comprehensive way possible, consistent with the remedial purpose of the First Step Act. Limiting resentencing to only the covered offense not only minimizes the benefit of the First Step Act, it also conflicts with the Sentencing Guidelines and weakens a sentencing court's authority. A sentencing court must sentence the *defendant*, not the crime, and must craft a

sentence that is "'sufficient but not greater than necessary' to fulfill the purposes of sentencing." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)). When resentencing is permitted by statute, allowing a court to look only at the covered offense, and not the entirety of the circumstances, undermines the great responsibility a sentencing court undertakes—to impose a fair sentence upon the defendant. The statutory authority to resentence grants a judge discretion to conduct a plenary resentencing unless the statute expressly forbids it. At every sentencing, the court must consider the totality of the circumstances or it runs the risk of imposing a sentence that is greater than necessary to serve the purposes of sentencing.

Although the court in *Rose* expressly declined to determine whether a plenary resentencing was available, it noted that "[t]he text of the First Step Act, read in conjunction with other sentencing statutes, requires [the court] to consider all relevant facts, including developments since the original sentence." *Rose*, 379 F. Supp. 3d at 233. Constraining the First Step Act would, in effect, "preclude [DeJesus] from seeking relief" based on considerations—such as the length of sentence on count twelve (the non-covered heroin offense)—that had little significance at the time of the original sentencing, *see* U.S.S.G. § 5G1.2(b) and (c), which is expressly contrary to the purpose of the First Step Act. *Id.* at 229-30.

DeJesus should get the full benefit of the First Step Act's remedial purpose. Accordingly, I hold that he is entitled to a plenary resentencing.

## III. Conclusion

For the foregoing reasons, DeJesus' motion for resentencing, pursuant to the First Step Act (doc. no. 1843) is **granted**. The clerk shall schedule a prompt resentencing.

So ordered.

6

Dated at Bridgeport, Connecticut, this 1st day of November 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge